512 So.2d 1286 (1987)
August Joseph MILLER
v.
Donna Anderson MILLER.
No. 57907.
Supreme Court of Mississippi.
September 23, 1987.
*1287 Charles T. Sykes, Jr., Gulfport, for appellant.
William A. Pate, Gulfport, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
August Joseph Miller appeals the denial of his petition seeking to set aside the final decree of divorce and the subsequent modification of that decree in the Chancery Court of Harrison County. We affirm.

FACTS
Mr. and Mrs. Miller were married in November 1968 in New Orleans and separated in April 1982, when Mrs. Miller and her three children moved to Harrison County. After a year in Harrison County, Mrs. Miller filed her Bill of Complaint for divorce. Process upon Mr. Miller was by publication, in accordance with MRCP 4(c)(4), and a copy of the summons and complaint were mailed to him by certified mail, MRCP 4(c)(5). He responded with a handwritten letter addressed to Mrs. Miller's attorney but mailed to the Chancery Clerk of Harrison County. That letter basically denied the allegations of habitual cruel and inhuman treatment.
Mr. Miller did not appear at the hearing, the divorce was granted, and he was ordered to pay $125 per month in alimony and $125 per child per month in child support. Miller made no attempt to vacate this decree or appeal the decision of the trial court and paid this amount without complaint for two years.
In June 1985, Mrs. Miller sought a modification of the decree to increase the child support to $175 per month per child. A copy of the petition was mailed to Mr. Miller by certified mail and received by him on June 14, but he filed no answer and made no appearance. An order of modification was entered on July 1, 1985.
Under 42 U.S.C. Sec. 659, an order of withholding was directed to the Department of Health and Human Services, Social Security Administration, requiring that $525 per month ($175 for each of three children) be withheld from Mr. Miller's Social Security benefits and paid into the Mississippi Department of Public Welfare. In January 1986 Mr. Miller filed a petition challenging the court's jurisdiction to enter both the original divorce decree and the modification, on the grounds that the court did not have in personam jurisdiction over him and that an award of alimony and child support was improper because they were not sought in the original complaint. The lower court held the issues were res judicata and denied the petition. These same issues are now before this court.

LAW

I.

DID THE LOWER COURT HAVE IN PERSONAM JURISDICTION OF THE APPELLANT?
The letter mailed by Mr. Miller to the Chancery Clerk begins, "This letter is an answer to the summons published April 14, 1983." It specifically denies the charge of habitual cruel and inhuman treatment, *1288 sets out the property division agreed upon between the parties, and concludes, "I believe I have fully answered the summons to the best of my ability." This was filed by the Chancery Clerk, and, as an answer, fully comports with the notice pleading requirements of MRCP 8(b). Certainly, the defendant made "an indicia of defense or denial of the allegations of the complaint." Wheat v. Eakin, 491 So.2d 523 (Miss. 1986). We hold that handwritten letter to be an entry of appearance for purposes of in personam jurisdiction.
Personal jurisdiction having been obtained over the defendant through his filing of an answer, the chancery court retained jurisdiction to modify that divorce decree in the future. Under MRCP 5(b), actual service of process was not again required to give the court personal jurisdiction over Miller for the purposes of the modification proceeding; all that was required was notice. Covington v. Covington, 459 So.2d 780 (Miss. 1984). It is undisputed that Miller received notice.

II.

WAS THAT PORTION OF THE DIVORCE DECREE WHICH AWARDED ALIMONY AND CHILD SUPPORT VOID?
The original complaint sought no alimony or child support, yet both were incorporated into the final decree. This court has held that an award to the wife of alimony and child support where such is not sought in the pleadings is error, in that it deprives the husband of due process. Diamond v. Diamond, 403 So.2d 129 (Miss. 1981); Fortenberry v. Fortenberry, 338 So.2d 806 (Miss. 1976). These cases, however, do not characterize the judgment as void. Had Mr. Miller filed a 60b motion or appealed the final decree on this ground, no doubt that portion of the decree would have been stricken. Unfortunately, he paid the alimony and child support for three years before complaining about any due process violation, and we hold that decree is now final and any due process right has been waived.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.