579 So.2d 1266 (1991)
Sylvester GRIFFIN
v.
Lottie GRIFFIN.
No. 89-CA-0817.
Supreme Court of Mississippi.
May 3, 1991.
Carl V. Welsh III, Cothren & Pittman, F. Kent Stribling, Jackson, for appellant.
Nancy J. Beck, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and McRAE, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Sylvester Griffin appeals from an order of the Chancery Court of the First Judicial District of Hinds County holding him in contempt of court on two previous court orders and awarding Lottie Griffin attorney's fees in the amount of $4,450.00. All issues have been disposed of except the issue of attorney's fees.
We reverse and remand.

FACTS
Sylvester and Lottie were involved in divorce proceedings in the Chancery Court of the First Judicial District of Hinds County. Lottie obtained two restraining orders against Sylvester in which the lower court ordered him not to dispose of certain assets.
On June 14, 1989, Lottie filed a Motion to Impress Lien on Monies, and Contempt, and for Other Relief. A hearing on the motion was held June 28-29, 1989, and Sylvester was found to be in contempt. The Chancellor asked Lottie's attorney, Nancy J. Beck, to draw the order. When Beck presented the order, she also presented documents containing information as to attorney's fees. On June 30, 1989, the Chancellor signed the order and awarded the attorney's fees requested, totaling $4,450.00.
Although Lottie requested attorney's fees in her counter-complaint for divorce, she did not request attorney's fees for the June 14, 1989 motion. Furthermore, there was no evidence pertaining to attorney's fees presented during the hearing. Sylvester's attorneys were not present when Attorney Beck presented the documents to the Chancellor and knew nothing about the award of attorney's fees until they read the final order.
On July 5, 1989, Sylvester filed a Motion to Reconsider, Vacate and Stay the order of June 30, 1989. On July 12, 1989, he filed a Notice appealing the contempt judgment of June 30, 1989. The lower court overruled the Motion to Reconsider, Vacate and Stay on July 19, 1989. Sylvester amended *1267 his Notice of Appeal to include the order overruling the motion.
On October 12, 1989, the lower court again found Sylvester to be in civil contempt of the court. Sylvester amended his Notice of Appeal once more to include the judgment of civil contempt entered on October 12, 1989.
On January 8, 1990, a final judgment of divorce was entered. This judgment rendered moot several issues in Sylvester's appeal. The only issue Sylvester raises, as a result, is the award of attorney's fees on June 30, 1989.

LAW

DID THE LOWER COURT ERR IN AWARDING ATTORNEY'S FEES?
Sylvester complains that the lower court abused its discretion in awarding attorney's fees based on an affidavit presented to the court ex parte after the close of the proceedings. In McKee v. McKee, 418 So.2d 764 (Miss. 1982), this Court set out the factors to be considered when awarding attorney's fees:
The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
Id. at 767.
The only evidence presented regarding attorney's fees was an affidavit setting out the hours worked, the hourly rates, costs, etc. for a total fee of $4,450.00. The attorney's time sheets were also attached to the affidavit. In Holleman v. Holleman, 527 So.2d 90 (Miss. 1988), the lower court awarded $18,675.00 in attorney's fees based on the attorney's statement that he had expended 168.21 hours on the case. This Court reversed and remanded the award.
Looking to the statement of appellee's counsel offered as proof of fees, it becomes readily apparent that the factors set out in the McKee case have not been remotely satisfied or supported with evidence. There was no explanation for the number of hours required, the usual charge in the community, or counsel's preclusion from other employment as a result of taking the present case. Under these facts, where there was no substantiating evidence upon which to award attorney's fees, the chancellor abused his discretion in awarding such, and was in error. Id. This issue is remanded for an appropriate hearing in which the necessary evidence to award attorney's fees may be presented.
527 So.2d at 95-96. See also White v. White, 509 So.2d 205 (Miss. 1987).
Beck contends that the issue is moot in light of Miss. Code Ann. § 9-1-41 (1990) which provides:
Reasonableness of attorneys' fees; evidence.
In any action in which a court is authorized to award reasonable attorneys' fees, the court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.
However, the above statute, Section 9-1-41, did not become effective until March 13, 1990. The order from which this appeal originates was entered on June 30, 1989. Thus, this statute does not control the outcome of this appeal.
Alternatively, Beck contends that the award of attorney's fees is in the sound discretion of a chancellor. Holleman, at 95. Furthermore, she discusses the requirements of McKee and alleges that the facts of the case support all seven of the requirements.
*1268 Even so, parties are entitled to notice and due process. Sylvester was not present when the evidence was presented and was not given the opportunity to examine witnesses and to question the reasonableness of the award. In Carter v. Clegg, 557 So.2d 1187 (Miss. 1990), this Court stated:
Although a judge may take judicial notice as a means of establishing one or more of the components of a claim for attorney's fees, it would not be appropriate for him to take judicial notice of every factor without hearing some evidence, unless the fee is a basic fee that is usual and customary within the trial court's jurisdiction.
Id. at 1192.
The attorney's fee of $4,450.00 was a substantial fee and it was allowed in an ex parte hearing, regardless of the opposing parties' right to be present at the hearing. Furthermore, it is not clear whether the attorney's fees awarded in the final judgment of divorce included the fees awarded on the motion for contempt. Therefore, the judgment of the lower court is reversed and remanded with instructions to determine the attorney's fees, if any, regarding the motion for contempt.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.