644 So.2d 269 (1994)
Marvin POWELL
v.
Christine A. POWELL.
No. 92-CA-00497.
Supreme Court of Mississippi.
October 20, 1994.
*270 Halbert E. Dockins, Jr., Jackson, for appellant.
Roy J. Perilloux, Perilloux & Milner, Sean A. Milner, Jackson, for appellee.
En Banc.

ON PETITION FOR REHEARING
JAMES L. ROBERTS, Jr., Justice, for the Court:
The original opinions are withdrawn and these opinions are substituted therefor.
This appeal arises from an order of the Hinds County Chancery Court, First Judicial District, transferring custody of sixteen-year-old Tracee Reschell Powell from her father Marvin to her mother Christine, awarding Christine child support and attorney's fees, and providing for the garnishment of Marvin's wages. The order had been entered after a hearing unattended by Marvin or counsel on his behalf. We find insufficient evidence that Marvin received notice of the hearing, and hold that he was denied due process by the adjudication of custody and support matters in his absence. We reverse and remand for a new hearing.

*271 A.

FACTS AND PROCEDURAL HISTORY
Marvin and Christine Powell were married in 1972 and had two daughters. Sherrie Mischelle was born in 1973, and Tracee Reschell in 1976.
On October 4, 1985, the Chancery Court of the First Judicial District in Hinds County entered a judgment of divorce. Christine was awarded custody of the girls, then ages 12 and 9, and Marvin was ordered to pay child support in the amount of $300.00 per month until June 1, 1986, at which point the amount would increase to $400.00 per month.
On September 5, 1989, Marvin and Christine agreed to a modification of the divorce judgment, and the Hinds Chancery Court entered an order transferring custody of both daughters to Marvin. Support payments were terminated.
On November 21, 1991, Christine filed a motion for modification of the judgment, seeking custody of Tracee. She alleged that Tracee had expressed a desire to be with her, and that while Marvin was not averse to this, he refused to pay child support absent a court order. Christine requested child support and attorney's fees.
On December 19, 1991, an alias summons was filed in the Hinds Chancery Court, stating that it had been served on Marvin Powell the previous day, apparently at his place of employment.[1] The summons stated that a complaint was attached (Christine's motion for modification), and that Marvin was "required to mail or hand-deliver a copy of a written response" to Christine's lawyer within 30 days. The summons did not set a date or time for a hearing or other procedure.
On March 2, 1992, Christine filed a Notice of Hearing in the Hinds Chancery Court, stating that she would bring her motion before the Court on March 9, 1992 at 9:00 a.m. A certificate of service stated that Christine's lawyer had sent a copy of the notice to Marvin at his home address of 147 Powell Road, Jackson. Marvin contends that he never received this notice.
The hearing was held before the Hinds Chancery Court on March 9, 1992. Present were Christine and her lawyer, Roy Perilloux. At the hearing, Perilloux stated that after filing the motion for modification, he had received a telephone call from Marvin's last attorney of record, Hal Dockins.[2] Perilloux also stated that he had spoken with Dockins "last week to advise him of the hearing," and that Dockins had told him that while he was not representing Marvin, he did not think Marvin was opposed to the motion, except for the child support provision. The Chancellor requested that Perilloux take a quick look around the courthouse for Marvin. Marvin was not found, and the hearing was held.
In an order dated March 12, 1992, the chancellor transferred custody of Tracee from Marvin to Christine. He awarded $250.00 per month child support, as well as Christine's $550.00 attorney's fees. The judgment provided that an order be served on Marvin's employer, commanding Texas Eastern Transmission Corporation to withhold $250.00 per month for Tracee's support. The withholding order was to take effect immediately. Additionally, a writ of garnishment was served on Texas Eastern Transmission in the amount of $550.00.
Marvin filed a motion for relief from the March 12th judgment and to stay the garnishment proceedings. He claimed that although he had been served the alias summons in December 1991, he had never received notice of the hearing held March 9, 1992, and that the alias summons failed to comply with the notice requirements of M.R.C.P. 81. He asked the Court to set aside its judgment as void, to stay or vacate all garnishments, and to assess attorney's fees and court costs.
A hearing on this motion was held on April 23, 1992. It was attended by Christine, Marvin, *272 and their lawyers. Marvin's lawyer Hal Dockins made the following statement concerning his client's alleged lack of notice of the March 9th hearing:
My client never received any notice of the hearing. When he received the alias summons, Your Honor, he came to my office. I called Mr. Perilloux on the phone. I asked Mr. Perilloux, I said, "I notice that your summons does not yet have a hearing date." He said, "I haven't set it yet." I never heard from Mr. Powell or Mr. Perilloux again. I saw Mr. Perilloux in the hallway one day when I was here on another matter, and he asked me a question about Mr. Powell's case. And I advised him that I had advised Mr. Powell that he should take some sort of action on the case. I was on another matter. I never received any notice of the hearing date. Mr. Powell never received notice of a hearing date. The next thing we knew about the case Mr. Powell was being garnished.
Perilloux had a somewhat different recollection of the conversation in the hallway:
(M)r. Dockins and (Carol English)[3] were having a conversation at the counter on Friday, March the 6th, prior to this hearing, when I happened by. And Carol asked me was the hearing before you that Monday still on. And I said, "You couldn't have asked me at a more appropriate time," because Mr. Dockins had made a telephone call on this case. And I turned to Hal and asked him, "Are you representing Mr. Powell?" And his response was, "Definitely not." And I said somewhat in a joking manner, Judge, "Speak now or forever hold your peace," to which Hal said, "I am definitely not representing him. He's fair game." Judge, I think there's a waiver problem here.
Dockins denied that he had ever told Perilloux that he was no longer representing Marvin Powell.
The chancellor was unsympathetic to Marvin's claim that he had not received notice of the March 9th hearing. He stated that he had an affidavit from Perilloux, swearing that he had sent notice of the hearing by first class U.S. mail to Marvin at his Powell Road address in Jackson. However, no such affidavit appears in the record. The chancellor held that notice of the hearing had been given, and denied Marvin's motion to set aside the judgment.
The chancellor then permitted Dockins to call Marvin to make an offer of proof. Marvin testified that he had been employed at Texas Eastern for sixteen years, and that it was there he had been served the alias summons. He stated that the summons had given no indication of when or where he was to appear to defend his rights, and that had he received notice of the hearing, he would have appeared. Upon questioning by the judge, Marvin stated that he had no objection to Tracee going to live with Christine, and that he had no objection to paying child support.
The chancellor denied Marvin's motion in an order dated April 28, 1992. On May 18, 1992, Marvin appealed the judgment to this Court.

B.

NOTICE
I. WHETHER A RULE 4 ALIAS SUMMONS, WHICH FAILED TO GIVE NOTICE OF THE DATE, TIME AND PLACE OF A MODIFICATION OF CHILD CUSTODY HEARING, COMPLIES WITH THE NOTICE REQUIREMENTS OF M.C.R.P. 81(d)(5).
II. WHETHER A LETTER CONTAINING THE DATE AND TIME OF A HEARING ALLEGEDLY MAILED TO THE RESPONDENT TWO MONTHS AFTER SERVICE OF THE RULE 4 ALIAS SUMMONS IS SUFFICIENT NOTICE OF HEARING OF RULE 81(d) MATTERS WHERE THE RULE 4 ALIAS SUMMONS DID NOT CONTAIN THE REQUIRED NOTICE OF THE DATE, TIME AND PLACE OF THE HEARING.
III. WHETHER RESPONDENT'S RIGHT OF DUE PROCESS OF *273 LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND THE CORRELATING SECTION OF THE MISSISSIPPI CONSTITUTION WAS VIOLATED WHERE THE NOTICE OF THE TIME, PLACE AND DATE DID NOT COMPLY WITH M.R.C.P. 81(d)(5).
Marvin argues that the summons with which he was served on December 18, 1991, was of the wrong variety, and did not comply with the notice requirements of M.R.C.P. 81(d)(5). He notes that he was served with a Rule 4 or "alias" summons, which requires a written response to be delivered to the plaintiff's attorney within thirty days. Marvin contends that he should have been served with a Rule 81 summons, which does not require a response, but sets a time and place for a hearing in court concerning the matters set out in the complaint. Marvin also contends that he was not notified of the March 9, 1992, hearing on Christine's motion; in particular, he denies having received the notice Roy Perilloux certifies he mailed to Marvin on February 19, 1992.
Christine argues that Marvin was properly apprised of her motion for modification by service of the summons and complaint, and that the notice requirements of Rule 81 were met by the notice of hearing she claims was sent to Marvin on February 19, 1992.

M.R.C.P. 81
M.R.C.P. 81 governs procedure in twelve categories of civil actions, including child custody actions. The comment to the Rule states:
Rule 81(a) lists 12 categories of civil actions which are not governed entirely by the M.R.C.P. In each of those actions there are statutory provisions detailing certain procedures to be utilized ... (h)owever in any instance in the twelve listed categories in which the controlling statutes are silent as to a procedure, such as security for costs, form of summons and methods of service of process and notices, service and filing of pleadings, computation of time, pleadings and motions, discovery, subpoenas, judgments and the like, the M.R.C.P. govern.
Comment, Rule 81. The statute pertaining to child custody (including modification of a custody order) is Miss. Code Ann. (1972) § 93-5-23 (Supp. 1992). It is silent concerning the procedures for summons and service of process; therefore, the M.R.C.P. govern. See Covington v. Covington, 459 So.2d 780 (Miss. 1984) (where statute addressing chancery court's contempt power is silent as to methods of service of notices, M.R.C.P. govern).
Rule 81(d)(1) provides that child support actions are "triable 30 days after completion of service of process in any manner other than publication." Rule 81(d)(4) provides:

No answer shall be required in any action or matter enumerated in subparagraphs (1) and (2) above but any defendant or respondent may file an answer or other pleading or the court may require an answer if it deems it necessary to properly develop the issues . ..
(emphasis added). Finally, Rule 81(d)(5) provides:
Upon the filing of any action or matter listed in subparagraphs (1) and (2) above, summons shall issue commanding the defendant or respondent to appear and defendant at a time and place, either in term time or vacation, at which the same shall be heard. Said time and place shall be set by special order, general order or rule of the court. If such action or matter is not heard on the day set for hearing, it may by order entered on that day be continued to a later day for hearing without additional summons on the defendant or respondent ...
(emphasis added). The Comment to Rule 81 states that section (d)(5) "recognizes that since no answer is required of a defendant/respondent, then the summons issued shall inform him of the time and place where he is to appear and defend." Form 1D in the Appendix to the Rules is entitled "Rule 81 Summons." It notices the defendant that a complaint is attached, and provides blanks for the date, time and courthouse where the defendant should appear. It also states that *274 the defendant may, but is not required to file an answer. A Form IA summons (an "alias summons"), on the other hand, notifies the defendant that he must deliver a response to the attached complaint to the plaintiff's lawyer within 30 days.
The summons with which Marvin was served on December 18, 1991, was an alias summons. It stated that Marvin was required to respond within 30 days to Roy Perilloux; it did not set a time, date and place for a hearing on the complaint. In short, it did not comply with the requirements of Rule 81.
In Saddler v. Saddler, 556 So.2d 344 (Miss. 1990), this Court considered whether a Rule 4 summons, served with a motion for modification of a divorce decree, was proper, where the custodial mother sought increased child support from the father. Lear, the mother, who alleged that Walter's income had substantially increased, had Walter served with the Rule 4 summons, pleadings, requests for admissions, and interrogatories. Walter did not answer any of the above. Several months later, Lear filed an application for a default judgment with an affidavit concerning Walter's finances. She also requested an evidentiary hearing to establish the precise amounts of increased child support and attorney's fees. Ten days later, a default judgment was entered, finding that Lear was entitled to an increase in child support and attorney's fees, and setting a date for a hearing three weeks later. At the hearing, the chancellor denied Walter's motion to set aside the default judgment, and ordered him to pay increased child support and attorney's fees. We reversed, holding that the entry of default was improper:
It is patent and obvious that the Chancellor erred in granting the default judgment. Rule 81(d)(5) requires the issuance of summons commanding the defendant to appear and defend at a time and place at which the action is to be heard and precludes a default judgment. That kind of summons was not issued in this case.
Saddler v. Saddler, 556 So.2d at 346 (Miss. 1990).
The proper procedure under Rule 81 would have been to serve Marvin with the motion for modification and a Rule 81 summons, setting a time and date for a hearing at the Hinds Chancery Court, First Judicial District, and informing him that he was not required to respond in writing. It appears from the record that at the time Marvin was served with the motion and Rule 4 summons, no date was set for a hearing. It is clear that under Rule 81, even had Marvin been served with the correct form of summons, he would not have been required to respond in writing to the motion. The effect of the Rule 4 summons was merely to inform Marvin that a motion for modification had been filed. Such "notice" does not comply with Rule 81, which requires that a date and time be set for a hearing. Therefore, the Court finds that when proceeding under matters enumerated in Rule 81, a proper 81 summons must be served.[4]

C.
Additionally, we reverse the awards of child support and attorney's fees, and set aside the writ of garnishment on Marvin's wages. Applicable law, appropriate for consideration of these matters on remand, follows.

Child Support

IV. WHETHER AN AWARD OF CHILD SUPPORT IS PROPER WHERE COUNSEL FOR THE MOVING PARTY FAILED TO PLACE INTO THE RECORD ANY EVIDENCE OF THE RESPONDENT'S PRESENT INCOME, THE NEEDS OF THE CHILD, OR THE *275 RESPONDENT'S PRESENT ABILITY TO PAY THE CHILD SUPPORT AWARD.
Marvin argues that the chancellor abused his discretion in awarding child support without taking into consideration all the relevant factors  in particular, Marvin's ability to pay. Marvin notes that he has remarried and has custody of Tracee's sister, and contends that the evidence of his circumstances at the March 9th hearing was insufficient. He also contends that the record is similarly devoid of any evidence on Tracee's actual needs. Christine argues that the record shows that Marvin did not have difficulty paying $400.00 a month (when he was paying Christine support for both daughters), and that he is still employed at the same company at the same job; therefore, he can still afford $250.00 per month. She also argues that the chancellor's reasoning that "costs have gone up," justifying an increase, was within the chancellor's discretion. Finally, she contends that since Marvin stated at the April 23rd hearing that he had no objection to paying child support, he effectively waived this issue on appeal.
Decisions regarding modification of child support are within the discretion of the chancellor, and this Court will reverse only where there is manifest error in findings of fact, or an abuse of discretion. Hammett v. Woods, 602 So.2d 825, 828 (Miss. 1992); Lawrence v. Lawrence, 574 So.2d 1376 (Miss. 1991). The party seeking modification must show a material change of circumstances of the father, mother, or children arising subsequent to the original decree. McEachern v. McEachern, 605 So.2d 809, 813 (Miss. 1992); Cox v. Moulds, 490 So.2d 866, 869 (Miss. 1986). The factors to be considered are 1) increased needs of children due to advanced age and maturity; 2) increase in expenses; 3) inflation; 4) relative financial condition and earning capacity of the parties; 5) health and special medical needs of the child, both physical and psychological; 6) health and special medical needs of the parents, both physical and psychological; 7) necessary living expenses of the father; 8) estimated amount of income taxes each party must pay; 9) free use of residence, furnishings, and automobile; and 10) other facts and circumstances bearing on the support as shown by the evidence. McEachern v. McEachern, 605 So.2d at 813 (Miss. 1992); Adams v. Adams, 467 So.2d 211, 215 (Miss. 1985).
In the case at bar, the only evidence concerning Marvin's ability to pay was Christine's testimony that he still worked at Texas Eastern, and that he had had no difficulty paying $400.00 per month when that was required. Moreover, there was no evidence presented concerning the other relevant factors  for example, Christine's income, or lack thereof. Finally, because Marvin was not present at the March 9th hearing, he was unable to testify as to his capacity to pay, or to question Christine's statements concerning Tracee's needs.
It is true that Marvin stated at the April 23rd hearing that he had no objection to paying child support. It is also true that the chancellor's award of $250.00 per month support for sixteen year old Tracee was probably reasonable. However, in reviewing an award of child support, as any matter, this Court looks to the record to see if sufficient evidence supports the chancellor's findings. See, e.g., Hammett v. Woods, 602 So.2d at 828-829 (Miss. 1992) (no substantial evidence in record to support increase in support obligation). The award of child support in the amount of $250.00 per month is reversed and remanded for more complete findings on the factors articulated above, and consideration of same.

Attorney's Fees

V. WHETHER AN ATTORNEY FEES AWARD IS PROPER WHERE COUNSEL FOR THE MOVING PARTY FAILED TO PLACE INTO THE RECORD EVIDENCE OF ENTITLEMENT TO FEES, THE ATTORNEY'S TIME, ITEMIZATION OF SERVICES RENDERED, OR REASONABLENESS OF THE ATTORNEY'S HOURLY RATE.

VI. WHETHER A WRIT OF GARNISHMENT FOR ATTORNEY'S FEES IS VOID WHERE THE *276 WRIT WAS EXECUTED FOUR DAYS AFTER ENTRY OF JUDGMENT.

Fees
Marvin argues that the record is devoid of documentary evidence concerning the attorney's fees he was ordered to pay. Without proof of entitlement to fees, amount of attorney time, services rendered, or reasonableness of the award, he contends that the award of $550.00 must be reversed. Christine argues that the amount awarded was within the discretion of the chancellor, and should stand.
This Court has many times held that the amount of attorney's fees is a matter left to the discretion of the chancellor. See, e.g., Greenlee v. Mitchell, 607 So.2d 97 (Miss. 1992); Smith v. Dorsey, 599 So.2d 529 (Miss. 1992); Young v. Huron Smith Oil Co., Inc., 564 So.2d 36 (Miss. 1990). However, the award must be supported by sufficient evidence, and not merely "plucked out of the air." Young, 564 So.2d at 40; Carter v. Clegg, 557 So.2d 1187, 1192 (Miss. 1990). See also Holleman v. Holleman, 527 So.2d 90, 96 (Miss. 1988). Where the evidence is insufficient, this Court will reverse the award. Karenina by Vronsky v. Presley, 526 So.2d 518, 525 (Miss. 1988); McKee v. McKee, 418 So.2d 764 (Miss. 1982).
At the March 9th hearing, no evidence, such as a timesheet showing the number of attorney hours spent, was presented in support of the award of $550.00. The chancellor merely asked Christine what she owed Perilloux, and assigned the fee to Marvin. Moreover, this was done in Marvin's absence. In Griffin v. Griffin, 579 So.2d 1266 (Miss. 1991), this Court reversed an award of attorney's fees, finding that the evidence supporting it  which included timesheets and an affidavit setting out hours worked, hourly rates, and costs  was insufficient. The Court noted that there was no explanation for the number of hours required, or the usual charge in the community. The Court held that the chancellor had erred in granting the award against the husband in his absence:
(P)arties are entitled to notice and due process. Sylvester was not present when the evidence was presented and was not given the opportunity to examine witnesses and to question the reasonableness of the award ...
The attorney's fee of $4,450.00 was a substantial fee and it was allowed in an ex parte hearing, regardless of the opposing parties' right to be present at the hearing.
Griffin v. Griffin, 579 So.2d at 1268 (Miss. 1991). See also Lenoir v. Lenoir, 611 So.2d 200 (Miss. 1992) (award of attorney's fees reversed and remanded, where party to whom they were assigned had not been present, and had not had opportunity to question their reasonableness). The attorney's fees Marvin was ordered to pay were assigned to him at what was, in effect, an ex parte hearing. Under Griffin v. Griffin and Lenoir v. Lenoir above, it was an abuse of discretion for the chancellor to award the fees in Marvin's absence. Furthermore, it was error for the chancellor to award the fees without sufficient supporting evidence. The award of attorney's fees against Marvin is reversed.[5] On remand, if attorney's fees are awarded to either party, the record should contain sufficient evidence to support such an award.

Garnishment Proceedings
Marvin argues that issuing the Writ of Garnishment to Texas Eastern in the amount of $550.00 on March 16, 1992, four days after the judgment, was "premature" and "illegal," being in violation of M.R.C.P. 62(a), which mandates an automatic 10-day stay of execution. He states that he did not have an opportunity to defend against the motion for garnishment, and that his paycheck was in fact garnished, with ensuing stigma. Christine *277 contends that the garnishment was "voluntarily stayed" pending the hearing of Marvin's Motion for Relief of Judgment, and that no funds were withheld from Marvin's wages until his appeal was perfected without supersedeas. Therefore, she contends, any error is moot and harmless.
M.R.C.P. 62 provides in part:
(a) Automatic Stay; Exceptions. Except as stated herein or as otherwise provided by statute or order of the court for good cause shown, no execution shall be issued upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry or the disposition of a motion for a new trial, whichever last occurs ...
The record contains the following documents filed subsequent to entry of the March 12th judgment, which included the award of attorney's fees: 1) an order issued March 12th to Texas Eastern to withhold $250.00 per month of Marvin's wages for child support; 2) a "Suggestion for Writ of Garnishment" submitted by Roy Perilloux on March 16th against Texas Eastern in the amount of $550.00; 3) a Writ of Garnishment for $550.00 issued March 16th, and served on Texas Eastern on March 18th; Marvin's Motion for Relief and to Stay Garnishment Proceedings, filed March 20th; a Notice of Hearing on the motion for April 1st, also filed March 20th; an Answer by Texas Eastern filed April 3rd; a Renotice of Hearing for April 23rd, filed April 10th; and the chancellor's April 28th Order Denying Relief from the Judgment and Denying Stay of Garnishment Proceedings.
There is no evidence that Marvin's wages were in fact garnished in the amount of $550.00. We cannot address Marvin's claim that the writ was executed prematurely, without knowing when it was executed. See, e.g., Wallace v. State, 607 So.2d 1184, 1189 (Miss. 1992) ("Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them"). The grant of attorney's fees is reversed; as discussed above, the record on remand should contain adequate documentation supporting any award of fees. If garnishment is again ordered, the record should contain documentation of this as well.[6]

D.

Attorney's Fees On Appeal

VII. WHETHER THE APPELLANT IS ENTITLED TO ATTORNEY'S FEES AND COSTS OF APPEAL WHERE HE WAS REQUIRED TO INCUR THOSE EXPENSES TO PROTECT HIS RIGHT TO CUSTODY OF A MINOR CHILD AND WHERE OTHER SUBSTANTIAL RIGHTS OF THE APPELLANT WERE VIOLATED AT THE TRIAL COURT LEVEL.
Marvin argues that but for Christine's failure to follow the requirements of Rule 81 in informing him of the modification hearing, he would have been present to defend his interests, and thus his Motion for Relief from Judgment and this appeal would have been avoided. He contends that because it is Christine's fault he could not defend his interests at the hearing, she should bear a part of his attorney's fees and costs incurred in his appeal.
Christine argues that under Miss. Code Ann. (1972) § 11-3-23 (Supp. 1992), she is entitled to collect 15% of the chancellor's award if that award is affirmed. Multiplying the number of months left in Tracee's minority (60) by the monthly award of $250.00, and adding the attorney's fees award of $550.00, she reaches a total of $15,550, fifteen per cent of which is $2332.50. Accordingly, Christine has moved for an award in this amount "as a reasonable attorney's fee."
Section 11-3-23, providing for damages to be awarded by this Court where it affirms the judgment of a lower court, has been applied to domestic cases. See, e.g., Lumbermens Mutual Casualty Co. v. Rhodes, 459 So.2d 244 (Miss. 1984). However, § 11-3-23 applies only to unconditional affirmances on appeal. Old Secur. Casualty Ins. Co. v. Clemmer, 458 So.2d 732 (Miss. *278 1984). Because Christine does not prevail on appeal, she is not entitled to an award under this statute.
Marvin cites no authority for his argument that Christine should bear a part of the costs incurred for this appeal. An appellant has an affirmative duty to provide support for his assignments of error. Roberson v. State, 595 So.2d 1310, 1318 (Miss. 1992); R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1023 (Miss. 1990) This Court feels no compunction to address an assignment of error in the absence of such support. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 776 (Miss. 1992). Moreover, there is no merit to Marvin's argument. This Court does not award attorney's fees simply because a party was compelled to appeal to vindicate his rights, and incurred costs in doing so. We have also held that attorney's fees should not be awarded as a means to penalize. Lenoir v. Lenoir, 611 So.2d 200 (Miss. 1992). Finally, Marvin presents no evidence concerning Christine's ability to pay his requested costs and attorney's fees, and made no showing that he is unable to pay them. When a party is able to pay attorney's fees, an award of such fees is inappropriate. Lenoir v. Lenoir, 611 So.2d 200, 204 (Miss. 1992); Hammett v. Woods, 602 So.2d 825, 830 (Miss. 1992), citing Martin v. Martin, 566 So.2d 704, 707 (Miss. 1990)
Marvin's assignment of error seeking attorney's fees for this appeal is without merit, and is denied. Christine's motion for attorney's fees on appeal is also denied.
The case is reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
SMITH, J., dissents with separate written opinion joined by PRATHER, P.J.
SMITH, Justice, dissenting:
The chancellor found that Marvin Powell received notice of Christine Powell's motion for modification of divorce which sufficiently apprised him of the proceedings as to a specific time, date, and location. An alias summons was personally served on Powell. The court file clearly indicated that no pleadings were filed by an attorney on behalf of Marvin in response to the motion for modification of divorce. Marvin was mailed a notice of the actual time, date, and location of the hearing to his usual place of residence. Sufficient evidence for increasing support and changing custody was offered at the hearing. Because of these facts and the findings of the chancellor, his decision should not be reversed as there is no manifest error.
At a subsequent hearing on Marvin's motion for relief from judgment, Marvin agreed to the change of custody and stated that he had no objection to paying support, thereby rendering the main issues moot. If the case is returned, the question of notice will not be an issue, and there is little doubt that the chancellor's decision on the other issues would be identical to the original. Why is there a need to send the case back?
Marvin's claim of lack of jurisdiction completely ignores this Court's decision in Miller v. Miller, 512 So.2d 1286, 1288 (Miss. 1987). In Miller, this Court held:
Personal jurisdiction having been obtained over the defendant ... [in the original action for divorce], the chancery court retained jurisdiction to modify that divorce decree in the future. Under MRCP 5(b), actual service of process was not again required to give the court personal jurisdiction over Miller for the purposes of the modification proceeding; all that was required was notice. [citing Covington v. Covington, 459 So.2d 780 (Miss. 1984)].
The Chancery Court for the First Judicial District of Hinds County, Mississippi, entered a Judgment of Divorce between these two parties on October 4, 1985. The court acquired personal jurisdiction over the parties in that proceeding; therefore, this issue cannot be a dispute between the parties.
Christine Powell filed her motion for modification of divorce on November 21, 1991. An attempt to serve process on Marvin at his home address at 147 Powell Road, Jackson, MS 39213, was returned stamped, "not *279 found," on November 26, 1991. Thereafter, an alias summons was served on Marvin at his place of employment on December 18, 1991. Although it failed to give a specific date, time, and place, this summons was reasonably calculated to apprise Marvin of the pending motion and afforded him an opportunity to present any objections. It cannot be refuted that the summons did apprise Marvin of the motion because he contacted an attorney who had represented him in a prior modification petition. The respective attorneys are in dispute as to what happened next; however, it is clear from the court file that no pleadings were ever filed on Marvin's behalf. Marvin was also afforded the opportunity to object because the actual motion was not heard until March 1992, after the letter of notice dated February 19, 1992, specifying date, time and place was mailed to him at his usual place of residence, 147 Powell Road, Jackson, MS 39213.
MRCP Rule 81(d)(5) requires that Marvin must be given the specific time and date as well as place the motion will be heard. The alias summons, in December 1991, failed to give that specific information. On February 19, 1992, Christine mailed a notice specifying a hearing would be held on her motion of modification on March 9, 1992, at 9:00 o'clock at the Hinds County Chancery Court Building, Jackson, Mississippi. This notice clearly met the requirements of Rule 81(d)(5), because it contained the required date, time, and place. Any prior error of the alias summons was cured by this action.
The next relevant issue is whether the mailing of the notice to Marvin, rather than to his former attorney in a previous modification petition, was sufficient to give reasonable notice of the proceedings against him. In Miller, this Court stated: "[U]nder MRCP 5(b) ... all that was required was notice." Id. at 1288. Therefore, in the case at bar, notice was complete when Christine mailed to Marvin the notice in accord with Rule 5(b) of MRCP which states "[s]ervice by mail is complete upon mailing."
Rule 5(b) does not require that service be made by certified mail. This is consistent with the United States Supreme Court's rulings that the means employed to serve the notice be reasonably certain to inform the defendant. In Mulane v. Central Hanover Bank & Trust Co. et al., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the United States Supreme Court held:
[E]lementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
This Court adopted this same rule in Miller, and subsequently reinforced its opinion in Booth v. Mississippi Employment Security Commission, 588 So.2d 422, 427 (Miss. 1991).
Marvin Powell admitted in testimony that he was personally served the alias summons in December 1991. Additionally, he admitted that he informed an attorney of his choice that he received the notice. Regarding the February 1992 notice, Marvin admitted that his address was 147 Powell Road, Jackson, MS 39213. Although Powell denied receiving this notice the Chancellor found that he did, because it was mailed according to the rules and case law of this Court. The chancellor observed Marvin testifying, and his demeanor and mannerisms. He apparently put little confidence in Marvin's credibility as to whether or not Marvin received the notice. This is fact finding at its very best. Why must we intervene? The chancellor's decision was based on substantial and credible evidence and there is no evidence that his findings were clearly erroneous; therefore, as a matter of law Marvin received notice.
Also of concern is the undeniable fact that no pleadings were filed in the modification proceedings by any attorney representing Marvin. The issue of whether or not an attorney represented Marvin was in dispute, but the Chancellor found that the notice was properly served on Marvin. This Court has considered the issue of attorney representation of a client in Barber v. Barber, 608 So.2d 1338 (Miss. 1992). In Barber, Justice Banks, for the Court, stated:
While it is clear that service on a party's attorney is sufficient, it is equally clear that service upon one not the attorney for *280 the party is not. See Sonus Corp. v. Matsushita Elec. Indus. Co., (D.C.Mass. 1974) 61 F.R.D. 644 (Attorney served by mail under 5(b) must actually represent the party on whom service is attempted. Service on a bankruptcy trustee's attorney does not constitute service on the bankrupt himself.) see also In re Kwelman, D.C.N.Y. 1939, 31 F. Supp. 23 (A notice is validly served on an attorney, only if that attorney represents the party in the proceeding for which notice is given; prior representation in a related state action will not suffice.)
608 So.2d at 1340 (emphasis added).
It follows that although there were conflicting versions stated by the two opposing lawyers during the proceedings as to whether or not Marvin was represented by an attorney, the Chancellor's finding is not manifestly in error. We should follow the principle in Barber that without any pleadings being filed in the proceedings currently at issue before the lower court, the party without pleadings is without an attorney. Prior representation by his current attorney in a previous modification petition is of no consequence. Marvin had been represented by a different attorney six years earlier when the original divorce decree was entered. Without pleadings on file, how could Christine's attorney know who was representing Marvin? This is especially critical in view of the different recollections by the two attorneys as to whether Marvin was represented or not. Absent formal pleadings, Christine's attorney could not know but merely speculate as to who was Marvin's attorney. The fact remains that no pleadings were on file in this proceeding by any attorney representing Marvin. Notice of this modification hearing rightfully should have been served on the party, Marvin Powell, since according to the court file, no attorney represented him at that time.
The chancery court already had jurisdiction over Marvin from the original divorce decree. Miller, 512 So.2d at 1288. Christine gave notice which was reasonably calculated to apprise Marvin of the modification hearing and to afford him the opportunity to be present and object. Without any pleadings filed by a lawyer in the matter currently before the trial court, Marvin was without a lawyer, and the notice served upon him was sufficient to afford him the opportunity to be present at the hearing and offer objections if he so chose.
Although Marvin did not appear at the March 9, 1992, hearing, he did file a motion for relief from judgment and to stay garnishment proceedings, heard by the lower court on April 23, 1992. Significantly, Marvin did appear in court on this motion and presented his objection to the court, that while he did receive some notice, he objected to the manner in which the alias process and notice was handled. More importantly, Marvin testified that he had no objection to paying child support set by the court. He should now be foreclosed from raising that issue on appeal. Marvin stated: "No objection to paying child support, none whatsoever. The only thing that I ask is that she take care of the child. That's all I'm asking for ... I have never been made to have do anything as far as taking care of my kids. That's something I'm going to always do." Marvin did not object to Tracee's custody being changed to her mother either.
Marvin was previously paying $400.00 per month child support for the two children. He is still employed by the same company in the same position. He had no trouble making support payments of $400.00 for two children. Surely he could reasonably afford $250.00 for the one child.
The chancellor considered the factors delineated in Lawrence v. Lawrence, 574 So.2d 1376, 1382 (Miss. 1991). Marvin was paying $200.00 per month for Tracee when she was ten years old and now she is sixteen, and therefore her financial needs have increased. The Chancellor considered the factors of "increased needs caused by advanced age and maturity of the children," "inflation factor," and "the relative financial condition and earning capacity of the parties." Id. at 1382. An award of $250.00 per month to substantially meet the needs of a sixteen year old was well within the discretion of the chancellor and certainly not manifestly wrong.
Marvin should be barred from raising the issue of custody and child support on appeal *281 for failure to object below. He agreed to the change of custody and to pay child support as determined by the lower court. It would serve no purpose to send this case back to the lower court, Marvin having agreed to the main issues. There is little doubt that the ruling of the chancellor would be the same. This issue should be moot.
The $550.00 award of attorney's fees should be affirmed. This Court has stated: "the matter of determining attorney's fees in divorce cases is largely entrusted to the sound discretion of the chancellor." Devereaux v. Devereaux, 493 So.2d 1310, 1314 (Miss. 1986). The chancellor's findings are not manifestly erroneous.
As to the request for attorney's fees on this appeal, Marvin has cited no authority for his argument that Christine should bear a part of the costs incurred for this appeal. This Court need not address an assignment of error submitted without supporting authority or argument. Roberson v. State, 595 So.2d 1310, 1318 (Miss. 1992). We look to this Court's language in Schilling v. Schilling, 452 So.2d 834, 836 (Miss. 1984). In Schilling, we held that "appellee was entitled to one-half the attorney's fees awarded by the lower court." Id. at 836. However, in the case sub judice, $275.00 is inadequate for an appeal to this Court. It should be clear that the term "usual" as noted in Schilling, 452 So.2d at 836, and other cases thereafter does not denote an absolute rule. Common sense should sometimes apply. An award of $500.00 would be proper under the circumstances.
The notice in this case sufficiently apprised Marvin Powell of the modification proceeding and of its specific time, date, and place. Ultimately, Marvin appeared in court and voiced his objection, but he was only concerned with the process and manner in which the notice was handled. He did not object to the change of custody or to paying child support. Any error initially made with the alias summons was subsequently cured, harmless and moot due to the February 1992 notice mailed to Marvin. There is no manifest error in the Chancellor's decision as to the change of custody, support ordered, notice, or attorney's fees.
I respectfully dissent.
PRATHER, P.J., joins this opinion.
NOTES
[1] The record contains copies of two other summons for Marvin, dated November 21, 1991, directed to his home address of 147 Powell Road in Jackson. These summons were apparently not served.
[2] Dockins had not represented Marvin in the original divorce proceedings, but had represented him in a modification of the decree.
[3] Apparently a court employee, never specifically identified in the record.
[4] This Court's finding in Covington v. Covington, 459 So.2d 780 (Miss. 1984), was correct at the time it was decided based upon Rule 81 at that time. However, since Covington Rule 81 was changed. In Hunt v. Hunt, 629 So.2d 548 (Miss. 1993) and Cooley v. Cooley, 574 So.2d 694 (Miss. 1991), the Court decided those cases without applying amended Rule 81. Therefore, to the extent that those cases are in conflict with today's holding they are overruled. Although a Rule 81 summons must be served, we do not find that personal jurisdiction is lost once a court had personal jurisdiction over the defendant at the time of the divorce, but hold that Rule 81 matters, because of their nature, require special notice.
[5] It is noted that the award of $550.00 in this case is significantly lower than the $4,450.00 award in Griffin. It is also noted that in Gray v. Gray, 562 So.2d 79 (Miss. 1990), this Court affirmed an award of $500.00 in attorney's fees as "within the chancellor's discretion," while admitting that "the proof offered in the case ... may be insufficient." 562 So.2d at 83. However, in Gray, there was some evidence supporting the award, in the form of a statement itemizing the attorney's charges. There is no such statement in the record in the case at bar.
[6] We express no opinion concerning the merits of the attorney's fees award to Christine.