827 So.2d 18 (2002)
Mark Henry PARKER, Appellant/Cross-Appellee,
v.
MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, Appellee/Cross-Appellant.
No. 2000-CA-02034-COA.
Court of Appeals of Mississippi.
July 16, 2002.
*19 James R. Hayden, Hattiesburg, attorney for appellant.
Laurie Johnson Hutchings, Poplarville, Stephen C. Chayer, Hattiesburg, attorneys for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. The Mississippi Department of Human Services sued Mark Henry Parker for child support on behalf of Darian Lane Ball. Parker was determined to be the father of Darian Ball by a paternity test. Darian's mother, Crystal Ball, was unemployed and separated from her husband by whom she has two additional children. Crystal's husband provides her with approximately $850 a month in support. Additionally, Crystal receives food stamps valued at $508 per month. The chancellor found that Crystal was unable to afford Darian's basic needs. The chancellor also found that Parker's net disposable income was $163,700. The chancellor ordered Parker to pay child support in the amount of $750 a month and back child support in the amount of $21,250 as well as provide health insurance for Darian. Aggrieved by this decision, Parker appealed asserting that DHS did not provide sufficient evidence to support an award of $750 per month in child support and that the award of back child support was not properly before the chancellor. DHS filed a cross-appeal asserting that the chancellor's award was too low given Parker's income level and the needs of the child.

LEGAL ANALYSIS
¶ 2. Child support awards are within the chancellor's discretion. Gray v. Gray, 745 So.2d 234, 236(¶ 10) (Miss.1999). The chancellor's decision will be reversed only where "the chancellor was manifestly wrong in his findings of fact or manifestly abused his discretion." Id. With this standard in mind, we look to the issues raised in this appeal.

1. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE CHANCELLOR'S CHILD SUPPORT AWARD.
¶ 3. Parker first contends that there was insufficient evidence presented to support the chancellor's award of child support. When reviewing child support awards, this Court examines the record to determine whether the chancellor's award is supported by sufficient evidence. Powell v. Powell, 644 So.2d 269, 275 (Miss. 1994). Parker asserts the trial court erred as to this issue because Crystal could not give the chancellor a sum certain on how much it costs her to tend to Darian's needs each month. Crystal testified that she is unable to afford the basic needs of Darian's activities. Crystal further testified that she received the equivalent of $1,358 income per month and that she had to use *20 that money to support herself, Darian, and her two other children. The chancellor examined Darian's basic home, school, and activity needs as well as Crystal's means of support and Parker's ability to earn income in determining the amount of child support Parker would be required to pay. There was sufficient evidence presented to support the chancellor's child support award. The chancellor did not abuse his discretion in awarding $750 per month in child support. This issue is without merit.

2. WHETHER THE CHANCELLOR PROPERLY AWARDED BACK CHILD SUPPORT.
¶ 4. Parker's final contention is that the chancellor erred when he awarded back child support in the amount of $21,250 to Ball. Parker contends that DHS did not request back child support in its complaint for child support. Regardless of whether it was requested, the chancellor is required to address the issue of back child support in his order establishing paternity and awarding child support. Miss.Code Ann. § 93-9-29(2) (Rev.1994). Further, the chancellor is limited to assessing liability on the father for back child support to the one year before the commencement of the action. Miss.Code Ann. § 93-9-11 (Rev. 1994).
¶ 5. The chancellor broke down the lump sum award for past child support as follows: $9,000 for the year preceding the filing of the petition on July 20, 1999, and $11,250 for the period from the filing of the petition to the date periodic payments were to begin on December 1, 2000. The award of $9,000 for the year preceding the filing of the petition averages to $750 per month which we have already determined to be reasonable. The award of $11,250 for the period running from the filing of the petition to commencement of period payment also averages out to be less than $750 per month. We find that the chancellor did not abuse his discretion in awarding this figure. We note, by our own motion, that the two awards when combined total $20,250 rather than the $21,250 mandated by the chancellor. This appears to be a clerical mistake and we remand this case for the limited purpose of the entry of an order correcting this clerical error.

3. WHETHER THE CHANCELLOR ERRED IN DEVIATING FROM THE CHILD SUPPORT GUIDELINES.
¶ 6. DHS contends in its cross-appeal that the chancellor erred in deviating from the child support guidelines in awarding less than the prescribed percentage of Parker's adjusted gross income as support. Pursuant to the statutory guidelines, the chancellor could have awarded fourteen percent of Parker's adjusted gross income as child support for Darian. Miss.Code Ann. § 43-19-101(1) (Rev.2000). The chancellor found that Parker's adjusted gross income was $163,700 per year. The chancellor is required in cases where the adjusted gross income of a parent exceeds $50,000 to make written findings as to whether the application of the statutory guidelines is reasonable. Miss.Code Ann. § 43-19-101(4) (Rev.2000). The chancellor made the required findings and established that application of the guidelines was unreasonable and determined that $750 per month was sufficient to meet Darian's needs. Because the chancellor complied with the statutory requirements, we cannot say that the deviation from the statutory guidelines was an abuse of discretion. This issue is without merit.

CONCLUSION
¶ 7. The chancellor did not abuse his discretion in awarding $750 per month in *21 child support. There was sufficient evidence to support the chancellor's award as evidenced by the record. The chancellor did not err in deviating from the statutory guidelines. The chancellor properly addressed the issue of back child support in his order. This case is remanded to the chancery court for correction of a clerical error in the back support award.
¶ 8. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS REMANDED FOR THE PURPOSES DELINEATED IN THIS OPINION ON DIRECT APPEAL AND AFFIRMED AS TO CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANT AND APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.