IRVING, P.J.,
dissenting:
¶ 19. I cannot agree that the chancery court lacked jurisdiction to modify the twelve-year-old child-support order. In my opinion, the Rule 4 summons was sufficient to empower the court to hear all matters emanating out of the subject matter of the complaint attached to the Rule 4 summons, or any counterclaim that was filed in response to the complaint. Because the issue of modification of child support was asserted in what can only be termed a counterclaim in response to the complaint, the court possessed the requisite jurisdiction to address the modification at the time it considered the subject matter of the complaint. Moreover, even if a Rule 81(d) summons was required to be issued, I find the court’s failure to issue it was effectively waived as a result of Keith’s participation in the modification *368 proceeding without objection, which I discuss later. Therefore, I respectfully dissent. I would affirm the judgment of the chancery court.
¶ 20. I agree with the majority that a Rule 81(d) summons is necessary to confer personal jurisdiction upon a respondent in a child-support-modification matter when the modification is initiated by complaint or petition. Powell says as much. Powell v. Powell, 644 So.2d 269, 274 (Miss.1994). However, we have a set of facts that are quite different from the facts in those cases that address or lay down the bright-line rule that a Rule 81(d) summons is indispensable to the lawful adjudication of child-support-modification matters. Our facts differ from those in Powell in a material way. Here, there is no separate complaint or petition for a modification. The Rule 4 summons was not issued at the behest of the proponent of the modification, nor was the notice of hearing that followed the summons. However, the notice provided a specific time and place for the hearing of the complaint, and by virtue of the provisions of Rule 13(c) of Mississippi Rules of Civil Procedure, any counterclaims arising out of the complaint. Since Sharlene had requested, in her answer to Keith’s complaint, a reconsideration of the existing child-support amount, Keith was aware that the matter of the child-support modification would be considered at the noticed hearing, as he had not pleaded or suggested in any manner that the court lacked jurisdiction or that the issue of child-support modification had been improperly pleaded and should not, or could not legally, be considered by the court at that time. Even if he had, it is doubtful that that would have been a tenable position, as Rule 13(c) permits a counterclaim that seeks relief “different in kind from that sought in the pleading of the opposing party.” Sharlene proceeded pro se in the trial court. Our supreme court has instructed that, in the case of pro se litigants, the courts “credit not so well pleaded allegations so that ... meritorious [claims] may not be lost because inartfully drafted.” Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995). While Sharlene did not file a motion for modification of child support, it is clear that she was seeking such modification and made her request in the form of a counterclaim to Keith’s complaint.
¶ 21. Assuming a Rule 81 summons was required, I would find that Keith waived the requirement when he participated in the hearing where the modification was addressed. See Isom v. Jernigan, 840 So.2d 104, 106-07 (¶¶ 7-9) (Miss.2003) (holding that the appellant who had not been served with a Rule 81 summons waived the requirement when her attorney appeared on her behalf and failed to raise the issue of jurisdiction while proceeding with the hearing and introducing evidence on the appellant’s behalf). I am mindful of the fact that we have no record of the hearing held on January 6 in which I find that Keith participated. However, it is clear that a hearing was held and testimony adduced, as the chancellor stated the following in her order:
This cause came before the Court on the Complaint for Name Change and Other Relief filed herein by Keith Curry and an Answer to Complaint for Name Change and Other Relief filed here by Sharlene Frazier [,] and the parties both being in Court and Keith Curry being represented by counsel and Sharlene Frazier not being represented by counsel but advising the Court that she would represent herself[,] and the Court hearing testimony and argument [,] ... finds as follows:
[[Image here]]
*369 Further, the Court [ojrders that Keith Curry provide wage information to the Court within 45 days so that his child support payments can be adjusted accordingly.[5]
¶ 22. That a transcript of the hearing was not made does not, in my judgment, require a finding that a hearing was not held or that insufficient evidence was adduced at the hearing to support the chancellor’s implicit determination that a material change in circumstances had occurred, justifying an adjustment in the amount of child support that Keith should pay. In my opinion, the majority erroneously relies on a letter from the chancellor’s court reporter — stating that no official record was made by her on January 6, 2012, as that date “was an ex parte day for our courts” — to find that no hearing was held on January 6. The letter does not say that a hearing was not held on January 6 or that testimony is never given during hearings that may be held on days set aside for ex parte matters. And more specifically, the letter does not purport to state what did or did not occur on January 6 between the chancellor and others.
¶ 23. To the extent that the majority finds or implies that a hearing was required to be held on February 24, 2012, the date of the order requiring Keith to pay an increased amount of child support, suffice it to say that if that were the case, every order would have to be entered on the date of the hearing. Otherwise, a new hearing would always have to be held just so a court could perform a ministerial act of entering an order covering matters that it had already decided. Clearly, at the conclusion of the hearing on January 6, the chancellor had decided that the twelve-year-old child-support order should be modified based on the evidence adduced at that hearing. The only remaining question was in what amount, and Keith was asked to submit his financial information, so the chancellor could calculate the amount consistent with the statutory guidelines. That is all that occurred on February 24.
¶24. Finally, the majority states: “Without any information to determine what the chancery court considered in modifying Keith’s child-support obligation, this Court is unable to determine whether there was an abuse of discretion. This is reversible error.” Maj. Op. at (¶ 17). With respect, I disagree. First, it should be noted that Keith was represented by counsel. It was incumbent upon counsel to make sure a record was made of any proceeding out of which could come a judgment that he may want to appeal. Second, our jurisprudence is clear that it is incumbent upon the appellant to supply the appellate court with a record that supports his issues on appeal. See Cosentino v. Cosentino, 986 So.2d 1065, 1067 (¶ 7) (Miss.Ct.App.2008). Keith has failed to do so and should not' benefit from his own failures.
¶ 25. For the reasons presented, I dissent. I would affirm the judgment of the chancery court.
BARNES and CARLTON, JJ., JOIN THIS OPINION.

. I note that Keith provided the data without objection.