## REDHEAD V. REDHEAD.

[68 South. 923.]

1. APPEAL AND ERROR. *Presumption. Correctness of judgment. Wills. Construction. Support of minor children.*

Where on exceptions to the allowance of the final account of an administrator, the court directed the account to be recast and then allowed it after hearing witnesses on objections "item by item," the supreme court on appeal will assume that the chancellor reached the correct construction in the absence of a bill of exceptions showing the oral testimony taken at the hearing.

2. WILLS. *Construction. Support of minor children.*

Under a will providing that "the court will allow an annual allowance for the support of my wards until they become of age" and further providing that the testator's wife and daughters and a son shall live at the old home until the daughters marry and that the wife should make it her home with the son, and that certain named friends be appointed as administrators until his children become of age, the estate was charged with the support and maintenance of the minor children.

APPEAL from the chancery court of Wilkinson county. HON. J. S. HICKS, Chancellor.

Mrs. E. S. Redhead as widow and devisee, filed exceptions to the final account of Jos. Redhead, as administrator with the will annexed of James A. Redhead, deceased. Decree approving and allowing the final account as recast and exceptant appeals.

The facts are fully stated in the opinion of the court.

*Ackland H. Jones,* for appellant.

The supreme court will not disturb the findings of the chancellor, unless they are manifestly wrong. This applies to his findings on conflicting evidence, and is a proper and reasonable and just rule. It cannot apply, however, where there is no conflict and his decree is at utter variance with his findings.

The record here does not show any of the oral testimony; it does show the findings of the chancellor on the facts. Beginning at the top of page 23 of the record, the chancellor sets out in detail his findings. As shown by the bill of exceptions, the sole oral testimony was that of Jos. Redhead, the appellee, and all the evidence introduced was this oral testimony, with the will of J. A. Redhead, and the record of his guardianship.

While the evidence on which the court acts in sustaining or overruling exceptions to an administrator's account should be incorporated into the record, still the supreme court will reject such items as appear on their face to be manifestly illegal and which could not be sustained by any proof whatever. *Smith v. Hurd,* 8 Smedes & Marshall 682.

*W. F. French,* for appellee.

The court below took up the objections of the appellant item by item and where the objections were well taken as to the forms of the various plantation and annual accounts and affidavits thereto, had same corrected and reformed; and where the vouchers to the accounts were not sufficiently itemized or explicit had other and proper vouchers filed in place thereof. The chancellor was assisted in his findings by having all petitions, accounts and orders of court before him from the beginning of the administration of the estate in 1902, under Jenkins and White, former executors of the testator, until the hearing in the court below; and was also assisted by the testimony, on each item, of the appellee. All of which is not shown by the record in this court.

Appellant's third assignment of error is as follows:

"In disallowing the exceptions, and overruling the same, of appellants as to the allowances made and paid by the said administrator, appellee, to Ella and Julia Redhead, minor children of the testator."

In the testator's will, as shown on page 19 of record, is the following clauses or sentences: "It is my desire and wish that my friends, W. J. Jenkins and F. E. White, be appointed as administrators of my estate until my children shall become of age." "The court will allow an annual allowance for the support of my wards, until they become of age."

This last sentence has been correctly construed by two chancellors, that the testator intended to have the said minor children supported by his estate, as such was clearly the intention of the testator, as it follows the first sentence and is a suggestion to his "administrator" to see that the children secured such allowances. The allowances made the said minor children were made under orders of the court and properly allowed in appellee's annual accounts, and the net balances in said account were annually distributed under orders of court to the respective heirs of the testator among whom was appellant, and appellant raised no objections to the allowances for all these years, although she called upon this court in the case of *Redhead* v. *Redhead*, 83 Miss. 141, to invalidate the said will. It was also before the court below that appellant had for some years the care and custody of the persons of those minors, and accepted receipted to a former guardian of said minors for said allowances, but this does not appear from the record before this court.

*Truly & Truly*, for appellee.

The first point, and, we submit, the controlling one in this particular case, is that the bill of exceptions taken by appellant in the court below fails to incorporate certain oral testimony which was offered in the trial below. We refer the court to page 28 of the record wherein the bill of exceptions is set out. It will there be seen, along with the exhibits and decrees, this language: "Insert testimony of Joseph Redhead."

The record in this case on page 18 shows that the case was tried upon objection, answer of administrator and "testimony of Joseph Redhead." Nowhere in the record is there any showing of the chancellor's notes of evidence, or any record whatever of what this testimony was. There is and can be no dispute as to the fact that this testimony was actually offered in court. As bearing us out in this statement we refer the court to page 23 of the record which contains in part the interlocutory decree rendered by the court. In that decree we quote the following significant language: "8. That it appears from the accounts and testimony, etc." This shows that testimony was actually given.

In the final decree on page 26 of the record we find this language: "And the court having item by item considered said objections, and being advised in the premises, did order certain corrections to accounts and vouchers, and certain changes to be made in said final account, all of which corrections were duly and legally made to the satisfaction of the court."

The use of the language "item by item considered said objections, and being advised in the premises," also shows that the court had something more before it besides the mere papers which were filed.

An examination of the record will show throughout the entire proceedings that the court did take oral testimony, and the record will nowhere disclose what the nature of this testimony was. That being true, how is this court to know what that testimony might have been and what effect it might have had upon the court below? In view of the various decisions of this court we submit that this case must be affirmed if for no other reason than the mere fact that oral testimony was offered in the court below of which there is no record in this court. As supporting this position we respectfully refer the court to the following Mississippi cases which, in our opinion, must be controlling: *Pratt* v. *Hargreaves*.

75 Miss. 897, 23 So. 519. The court in that case made use of this language: "Findings of the lower court will not be disturbed where the evidence is not in the record. The omitted evidence may have been controlling." *George* v. *George*, 78 Miss. 443, 28 So. 817; *Wilson* v. *Brown*, 94 Miss. 608, 47 So. 545.

These citations could be increased to a great number if we thought it necessary to weary the court in a matter which has been so long decided. There is one other case, however, to which we will refer the court and which was decided on January 18th of this year and reported in 67 So. 177. The case to which we refer is *Carstarphen et al* v. *Jones et al.* This court, by Judge COOK in delivering the opinion in this case, made use of this language: "The record shows that several witnesses testified orally upon the merits of this case. The testimony of these witnesses is not in the record. The chancellor heard this evidence and this evidence may have justified his findings, and as the evidence is not before us we are, therefore, not able to judge of its effect. It may have been controlling with the chancellor."

STEVENS, J., delivered the opinion of the court.

We are asked to reverse the decree of the chancellor in this case, approving and allowing the final account of appellee, as administrator with the will annexed of the estate of J. A. Redhead, deceased. It appears from the record that the administrator presented his final account, that exceptions were filed thereto by appellant as the widow and one of the devisees, that the court heard the exceptions and the oral testimony of the administrator himself, and that certain of the exceptions were sustained. It appears that under the will the administrator was directed to operate the plantation, and

in these operations certain so-called plantation accounts were kept. It appears, further, that several accounts had been presented to and approved by the court. The exceptions presented by appellant were to the plantation accounts and the eighth annual account. The exceptions and objections are numerous. Upon the hearing of these exceptions the chancellor sustained some of the objections and directed the administrator to restate the final account, and directed the clerk of the court to see that certain vouchers complained of were corrected to comply with the law. Afterwards and at the same term the final account, as recast, was presented to the court and approved.

The record of this appeal makes no provision for and does not embrace the full record of the administration of this estate. It does not embrace any plantation accounts, any vouchers to any account, and does not embrace the oral testimony of the administrator taken at the hearing. On the state of the record, therefore, it is impossible for us to determine whether the chancellor erred or not. As stated by this court in the case of *Carstarphen et al.* v. *Jones et al,* 67 So. 177:

"The record shows that several witnesses testified orally upon the merits of this case. . . . The chancellor heard this evidence, and this evidence may have justified his finding, and, as the evidence is not before us, we are therefore not able to judge of its effect. It may have been controlling with the chancellor."

This declaration of the court is in line with previous adjudications. This court as an appellate tribunal must indulge the presumption that the lower court was correct until the contrary is affirmatively shown, and upon the findings of fact by the chancellor below we must rest with confidence. It appears that a special bill of exceptions was taken by appellant, but this bill of exceptions does not embrace the oral testimony referred

to. The record discloses that the chancellor patiently heard the several objections "item by item," and, having all the record and facts before him, we must assume that he reached the correct conclusion.

We are asked to reverse the case, however, because it affirmatively shows that certain credits were allowed for the maintenance and support of the minor children of J. A. Redhead, deceased, under authority claimed from a clause of the will as follows:

"The court will allow an annual allowance for the support of my wards until they will become of age."

It is contended by counsel for appellee that the testator at that time was the legal guardian of two of his minor children, and that this direction of the will simply meant that his executors would see that the court, in the administration of the estates of these two wards, would make an annual allowance for their support, and that this support would come from the separate estates of the wards. The final decree below discloses that the matter of the construction of this clause of the will was at one time presented to Chancellor Ventress in his lifetime, and that the chancellor construed this clause as making provision for the support of these minors out of the estate of Mr. Redhead. The record does not disclose any application for the construction of the will or any decree thereon. We shall therefore indulge the presumption that this will had been construed adversely to the contentions of appellant. At any rate, we are not prepared, from the meager information before us, to hold that the construction evidently placed upon this will by Chancellor Hicks is not correct. On the contrary, it would appear, from the language of the will, to be the wish of the testator to provide for the support of his minor children, and this intention is strengthened by the declared wish in the will:

"That my wife and daughters and son, J. A. Redhead, Jr., shall live at the old home, Montrose, until the girls

marry off, and my wife shall make it her home with Jack,'' and ''that my friends W. J. Jenkins and F. E. White be appointed as administrators of my estate, until my children shall become of age.''

*Affirmed.*