556 So.2d 344 (1990)
Walter SADDLER
v.
Mrs. Lear Pearl SADDLER.
No. 07-59088.
Supreme Court of Mississippi.
January 17, 1990.
*345 Jessie L. Evans, Blackmon Blackmon & Evans, Jackson, for appellant.
Oran C. Page, Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
This case involves an effort to modify a judgment relating to the support and maintenance of a child. The procedure in such cases is subject to the provisions of Miss.R. Civ.P. 81(d)(2), (3), (4), (5). No answer is required unless ordered by the court, and complaints and petitions in these cases may not be taken as confessed. The correct procedure was not followed, but, eventually, a contested evidentiary hearing was held. With a slight modification as to attorney's fees, we affirm the Chancellor's judgment.
The parties were divorced in 1979 and Lear Saddler was awarded custody of the minor child, Tammel; permanent and exclusive use of the family home and furnishings; and Walter was ordered to make payments on the mortgage note which was, apparently, in full satisfaction of his obligation for the support and maintenance of the child. On July 12, 1984, there was an agreed order entered which ordered Walter to pay $150 a month for the support of the child, and released him from the obligation to pay the mortgage note. Lear's use of the home was reaffirmed and it was ordered that in the event of a sale of the home, the net proceeds would be divided equally between the parties.
In 1987, November 4, Lear filed a Motion for Modification of the Divorce Decree. The Motion alleged a material change of circumstances since the agreed order of July 12, saying that Walter's income was substantially increased and that the earlier reduction had been caused by Walter's unemployment, now rectified. The Motion set out that not less than $450 a month should be paid by Walter for the child's support.
On the filing of this Motion, a regular Rule 4 summons was issued, and with the pleadings, requests for admissions and interrogatories served on the defendant. Walter did not answer, nor did he respond to the request for admissions or interrogatories. On January 28, 1988, counsel filed an application for default judgment and supporting affidavit which showed, among other things, that Walter had about $30,000 on deposit in a bank account for the undergraduate education of the child. The Motion prayed for an evidentiary hearing to establish the precise amounts of increased child support payments and requested attorney's fees. A default judgment was entered on February 7, 1988, finding that the mother was entitled to an increase in the amount of child support and attorney's fees, fixing a date for an evidentiary hearing, March 1, 1988, to determine the precise amounts of the increased support. In the meantime, Walter had discharged his attorney and employed a new one who filed an entry of appearance on February 24, 1988, and a motion to set aside the default judgment or for a continuance the same day. This motion charged, correctly, that under Miss.R. Civ.P. 81 the entry of default was improper since no answer was required to be filed by the defendant unless ordered by the court, and that the sanction of having the request for admissions deemed admitted was premature without a motion to compel.
At any rate, on March 1, 1988, an evidentiary hearing was held on Lear's Motion for Modification and the defendant's motion to set aside the default. The Chancellor overruled the defendant's motion and ordered him to pay child support in the amount of $400 a month, beginning April 1, 1988, with other specific ruling as to what should be done after the child graduated from high school. Plaintiff was awarded attorney's fees in the amount of $1,100, which was supported by the attorney's affidavit showing a number of hours at $75 per hour, $32 for filing fees and $16.15 copying and postage expenses. The total was $1,109.35.
*346 It is patent and obvious that the Chancellor erred in granting the default judgment. Rule 81(d)(5) requires the issuance of summons commanding the defendant to appear and defend at a time and place at which the action is to be heard and precludes a default judgment. That kind of summons was not issued in this case. Nevertheless, the action ultimately contemplated was achieved in this case in that there was, indeed, an evidentiary hearing on the issues which were set out in the pleadings and which, in fact, existed between the parties. With respect to the result of that hearing, we cannot say that the Chancellor is manifestly wrong insofar as the child support is concerned.
We are disturbed to some degree as to the amount of the attorney's fee fixed in the trial court. Plainly, patently, a considerable amount of the time spent by the attorney, for which he desires compensation, was spent in pursuit of things which should not have been undertaken at all. We realize that an attorney, doing research, cannot always tell beforehand whether or not he is on precisely the correct track and that there may be and will be portions of research which are unproductive. Despite this difficulty, the attorney is entitled to be compensated for his research. On the other hand, when the attorney proceeds in total disregard of the plain language of the long-established rules and prior practice, we find it difficult to hold that the opposing party should be required to compensate the attorney for the vain effort and wasted time. After a careful examination of the affidavit and the figures and services shown there, we are of the opinion that 4.2 hours must be deducted from the attorney's fee as approved by the court. These 4.2 hours have to do with the default judgment which wasted hours for all counsel and the court.
The decision of the Chancellor is affirmed, as modified, the attorney's fee being reduced from $1,109.35 to a total of $794.35, for services rendered in the trial court. In addition, we have considered the services required of appellee's attorney in this Court and are of the opinion that the sum of $400 is fair and appropriate, and the same is hereby allowed to be taxed as costs to the appellant.
AFFIRMED AS MODIFIED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
ANDERSON, J., not participating.