MYERS, J.,
for the Court:
¶ 1. On November 3, 2009, the Warren County Chancery Court entered an order and opinion, with factual findings and conclusions of law incorporated therein, closing the Estate of Eloise W. Dabney, deceased, and discharging David H. Dabney and Freddie Dabney Hataway as the Estate’s co-executors. Freddie appeals from that order.
¶ 2. Because Freddie has failed to provide this Court with an adequate record of the proceedings in the chancery court and does not make out an apparent case of error in her brief, we affirm the chancery court’s ruling.
DECISION
¶ 3. At the outset, we point out that Freddie’s brother, David, died shortly after Freddie had filed her notice of appeal in this matter. David’s attorney, Marcie Southerland, thereafter filed a motion for stay of appeal with Mississippi Supreme *73 Court so that an executor could be appointed for David’s estate. On July 29, 2010, the supreme court entered an order granting the motion. On October 14, 2010, the supreme court entered another order granting Southerland’s motion for an extension of the stay of appeal; the supreme court dismissed without prejudice a motion for substitution of parties and suggestion of death filed by Freddie which asked that the “Estate of David H. Dabney be substituted for David H. Dabney.” On December 21, 2010, the supreme court entered an order granting Southerland’s motion to withdraw as David’s counsel and to extend the briefing deadline to January 10, 2011. The supreme court thereafter assigned the case to this Court. No appellee’s brief was ever filed in this matter.
¶ 4. Generally, an appellee’s failure to file a brief with the appellate court “is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error.” Taylor v. Kennedy, 914 So.2d 1260, 1261-62 (¶ 2) (Miss.Ct.App.2005) (citing Varvaris v. Perreault, 813 So.2d 750, 752 (¶5) (Miss.Ct.App.2001)). “In order to merit reversal, the appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.” Id. at 1262 (¶ 3) (citation and quotations omitted).
¶5. In her brief, Freddie asserts the following eleven assignments of error: (1) whether all matters regarding personal property of the Estate were settled at the property distribution ordered by the chancery court in 1996; (2) whether the chancery court’s denial of allegations of missing estate property is manifestly wrong; (3) whether David had a right to the proceeds from the sale of the real property at 1714 Cherry Street, Vicksburg, Mississippi; (4) whether the proceeds of the sale of 1714 Cherry Street should have been released to David; (5) whether the chancery court’s finding that Freddie is entitled to receive $2,143.75 from the sale of Eloise’s Cadillac and that such sum should be paid from the estate, is correct; (6) whether Eloise’s last will and testament provides that David may have use of the sterling silver flatware for as long as he has ownership of the house at 1300 Grove, Vicksburg, Mississippi; (7) whether transfer of title to the cemetery plots by Eloise to David prior to Eloise’s death was unlawful; (8) whether a silver tray reported stolen by David was property of the Estate; (9) whether the Estate’s insurance paid David $6,000 for the loss of the silver tray he had reported stolen; (10) whether the chancery court’s decision to deny all other proposed findings of fact and conclusions of law submitted by the parties and not specifically listed in the chancery court’s order, is error or manifestly wrong; and (11) whether with a gift inter vivos there is an automatic presumption of undue influence even without abuse of the confidential relationship.
¶ 6. We cannot address any one of these issues. According to the limited record before us, numerous hearings were conducted in the chancery court throughout the administration of this estate, and the chancery court based its final findings of fact and conclusions of law on the arguments and the evidence presented at those hearings, which included oral testimony. In contravention of Rule 10(a) of the Mississippi Rules of Appellate Procedure, Freddie failed to include in the record on appeal the transcripts (which the record indicates were made) from those proceedings. Freddie merely incorporated a portion-five pages-of the transcript taken at one of the hearings into her record excerpts.
*74 ¶ 7. Our supreme court has stated many times that it is the duty of the appellant to present a sufficient record to support his or her assignments of error. Oakwood Homes Corp. v. Randall, 824 So.2d 1292, 1293 (¶ 4) (Miss.2002); Burney v. State, 515 So.2d 1154, 1160 (Miss.1987); Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973); Willenbrock v. Brown, 239 So.2d 922, 925 (Miss.1970). An appellate court “must indulge the presumption that the lower court was correct until the contrary is affirmatively shown, and upon the findings of fact by the chancellor below we must rest with confidence.” Redhead, v. Redhead, 109 Miss. 648, 653, 68 So. 923, 923 (1915).
¶ 8. Freddie’s failure to provide us with an adequate record in this matter is fatal to her appeal, as there is no basis to support any of the assignments of error asserted by her herein. An appellate court “must decide each case by the facts shown in the record, not assertions in the brief.” Randall, 824 So.2d at 1293 (¶ 3) (citations and quotation omitted). Accordingly, we hold each above-stated issue is without merit.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.