JAMES, J.,
for the Court:
¶ 1. Keith Curry appeals the Coahoma County Chancery Court’s order modifying child support. He raises three issues on appeal: (1) whether the chancery court lacked personal jurisdiction to enter an order modifying child support; (2) whether the chancery court erred in modifying child support where neither party requested such modification; and (3) whether the modification of child support was supported by substantial evidence. Upon review, we are compelled to reverse the order modifying child support and remand the case to the chancery court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. Keith and Sharlene Frazier were never married, but they had one female child together out of wedlock, who was born June 3, 1999. On May 19, 2000, the parties entered into a stipulated agreement on the issues of child support, visitation, and paternity. On May 26, 2000, the chancery court entered an order establishing paternity, child support, and visitation. The chancery court ordered Keith to pay *364 Sharlene $154.79 per month,[1] beginning April 5, 2000, and continuing until the emancipation of the minor child.
¶ 3. On October 25, 2011, Keith filed a complaint for a name change and other relief. Keith did not request a modification of his child-support obligation. A Rule 4 summons was issued to Sharlene, and she was served with process on October 27, 2011. No Rule 81 summons was ever issued. On November 22, 2011, Sharlene filed an answer to the complaint for a name change and other relief, and she requested a “revaluation of [the] current ehild[-]support order of $155.00[,] being that it has [been] 12 years.”
¶ 4. On December 7, 2011, a notice of hearing was entered, setting a hearing on Keith’s complaint for a name change and other relief for January 6, 2012, at 9:30 a.m. A statement from the court reporter noted that this was an ex parte day for the court, and she had no record of a hearing.
¶ 5. On January 27, 2012, the chancery court entered an order, which stated that both parties were present, and the court had heard “testimony and argument.” The order further stated that Keith shall “provide wage information to the [c]ourt within 45 days so that his child support payments can be adjusted accordingly.”
¶ 6. On February 24, 2012, the chancery court entered an order modifying child support as follows:
THIS CAUSE came before the [c]ourt on the [c]ourt’s previous [o]rder dated January 27, 2012[,] requiring [Keith] to provide to the [c]ourt his financial information so that the [c]ourt can reevaluate child support[,] and being fully advised in the premises[,] the [e]ourt finds and orders as follows:
1. This [c]ourt has jurisdiction over the parties herein and the subject matter hereof.
2. The [c]ourt has reviewed the financial information![2]] of [Keith,] and based on the financial information, orders that he pay child support in the amount of $350.00 each month beginning April 1, 2012[,] and continuing thereafter until the child reaches the age of majority or otherwise becomes emancipated.
In response to the dissenting opinion, we note that Keith is only appealing the modification of child support. It appears that Keith and Sharlene were present in court on January 6, 2012, for the name-change issue, but there is no record of a hearing. Keith was represented by a different attorney, and his attorney prepared the order dated January 27, 2012. After the chancery court gave forty-five days for Keith to supply additional information, approximately forty-nine days later, the chancery court entered an order modifying child support. The chancery court’s order of February 24, 2012, only refers to the order of January 27, 2012, which relates back to January 6, 2012, when the parties appeared in court. The order does not state that the case was set for a hearing on the modification-of-child-support issue. Since the case was not continued to a date and time certain, a Rule 81 summons needed to be issued identifying a date and time certain for a hearing on the modification *365 after the financial information was submitted.
¶ 7. On March 26, 2012, Keith filed his notice of appeal.[3]
DISCUSSION
¶ 8. “This Court’s scope of review in domestic-relations matters is strictly limited.” Pritchard v. Pritchard, 99 So.3d 1174, 1177 (¶ 18) (Miss.Ct.App.2012) (quoting Brawdy v. Howell, 841 So,2d 1175, 1178 (¶ 8) (Miss.Ct.App.2003)). A “chancellor’s findings will not be disturbed when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard.” Id.
I. Whether the chancery court lacked personal jurisdiction to enter an order modifying child support.
¶ 9. Keith argues that the chancery court lacked personal jurisdiction over him. Keith filed a complaint for a name change and other relief in the Coahoma County Chancery Court. Sharlene filed an answer to the complaint, which included a counterclaim to modify child support in the same court. The name change granted by the chancery court is not an issue on appeal.
¶ 10. A notice of hearing was sent to Sharlene on the name-change petition only. It appears that the parties appeared in court for the name-change issue. In its order regarding the name change, the chancery court ordered Keith to provide wage information within forty-five days from the child-support-modification order.
¶ 11. There is no record of what happened in the name-change proceeding. Keith alleges that jurisdiction over the modification issue was lost because the case was not continued to a day certain. The record shows that Keith issued a Rule 4 (thirty-day) summons to Sharlene. M.R.C.P. 4. However, a Rule 4 summons is insufficient to notify a party of a Rule 81(d)(2) petition. See Powell v. Powell, 644 So.2d 269, 274 (Miss.1994); see also Caples v. Caples, 686 So.2d 1071, 1074 (Miss.1996). At the hearing of January 6, 2012 on the name-change issue, Curry did not raise any objection to the defective process, and this issue is not on appeal. All parties were present and waived all objections to defective process by their appearance. The hearing of January 6, 2012, was, by statute, a Rule 81 hearing. Rule 81(d)(1) lists name change and child support actions as Rule 81 proceedings. Rule 81(d)(5) mandates that “[i]f such action or matter is not heard on the day set for hearing, it may by order signed on that day be continued to a later day for hearing without additional summons on the defendant or respondent.” (Emphasis added). No order was signed on the day of January 6, 2012 continuing the hearing to a date and time certain. Therefore, the court lost its jurisdiction over the parties. A Rule 81 summons needed to be issued for the modification issue. No Rule 81 summons was ever issued for the modification-of-child-support issue. Without the issuance of a proper Rule 81 summons, the court had no jurisdiction to hear the case. Accordingly, we find reversible error due to insufficient process.
¶ 12. Hearings on petitions for a name change and petitions for modification of child support are governed by Rule 81 of the Mississippi Rules of Civil Procedure. *366 M.R.C.P. 81(d)(l)-(2). Rule 81(d)(3) states that “[c]omplaints and petitions filed in the actions and matters enumerated in subpar-agraphs (1) and (2) above shall not be taken as confessed.” A statement from the court reporter, Delores Weaver, shows that no hearing was held on the modification action. Since a hearing is required under Rule 81(d)(3) to modify child support, this is reversible error.
II. Whether the chancery court erred in modifying child support where neither party requested such modification.
¶ 13. Keith argues that the chancery court erred in modifying his child-support obligation because neither party requested such relief. However, we find that Keith’s assertion is factually untrue. On November 22, 2011, Sharlene filed an answer to the complaint for a name change and other relief, and she requested a “revaluation of [the] current child [-Jsupport order of $155.00[,] being that it has [been] 12 years.” We find no merit to this issue.
III. Whether the modification of child support was supported by substantial evidence.
¶ 14. “In child[-]support[-]modification proceedings!,] the [c]hancellor is accorded substantial discretion and is charged to consider all relevant facts and equities to the end that a decree serving the best interest of the child may be fashioned.” Moulds v. Bradley, 791 So.2d 220, 226 (¶ 14) (Miss.2001). We review a chancellor’s modification of child support under an abuse-of-discretion standard of review. Id.
¶ 15. In Mississippi, an award of child support is governed by Mississippi Code Annotated section 43-19-101 (Supp. 2012). The guidelines establish that there is a rebuttable presumption that an award of child support should be fourteen percent of the noncustodial parent’s adjusted gross income where one child is due support. Id. A chancery court may deviate from the statutory guidelines if it makes “an on-the-record finding that it would be unjust or inappropriate to apply the guidelines in the instant case.” Garcia v. Garcia, 97 So.3d 109, 112 (¶ 12) (Miss.Ct.App.2012) (quoting Chesney v. Chesney, 910 So.2d 1057, 1061 (¶ 7) (Miss.2005)). A chancellor may modify child support if there has been “a substantial or material change in the circumstances of one or more of the interested parties: the father, the mother, and the child or children, arising subsequent to the entry of the decree to be modified.” Id. (quoting Edmonds v. Edmonds, 935 So.2d 980, 987 (¶ 19) (Miss.2006)).
¶ 16. We note that no appel-lee’s brief was filed in this case. “Generally, an appellee’s failure to file a brief with the appellate court ‘is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error.’ ” In re Estate of Dabney, 69 So.3d 71, 73 (¶ 4) (Miss.Ct.App.2011) (quoting Taylor v. Kennedy, 914 So.2d 1260, 1261-62 (¶ 2) (Miss.Ct.App.2005)). “In order to merit reversal, the appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.” Id.
¶ 17. In the case before us, we have no way of knowing whether the chancellor abused her discretion in modifying child support because there is no evidence in the record on appeal of what “financial information” she considered. In fact, we do not even know what Keith’s income was or whether he was even employed because *367 nothing regarding financial information was admitted into evidence or made part of the record on appeal. Keith asserts that no hearing was ever held, and there is no transcript of a hearing in the record before this Court.[4] Keith also asserts that no financial information was admitted into evidence or made part of the record. Various circumstances justifying modification include showing a material change in circumstances of the father, mother, or children, which have arisen subsequent to the original decree. McEachern v. McEachern, 605 So.2d 809, 813 (Miss.1992); Cox v. Moulds, 490 So.2d 866, 869 (Miss.1986); see also Adams v. Adams, 467 So.2d 211, 215 (Miss.1985). The factors to be considered include:
1) increased needs of children due to advanced age and maturity; 2) increase in expenses, 3) inflation; 4) relative financial condition and earning capacity of the parties; 5) health and special medical needs of the child, both physical and psychological; 6) health and special medical needs of the parents, both physical and psychological; 7) necessary living expenses of the father; 8) estimated amount of income taxes each party must pay; 9) free use of [a] residence, furnishings, and [an] automobile; and 10) other facts and circumstances bearing on the support as shown by the evidence.
Powell, 644 So.2d at 275. Without any information to determine what the chancery court considered in modifying Keith’s child-support obligation, this Court is unable to determine whether there was an abuse of discretion. This is reversible error. Therefore, we are compelled to reverse the chancellor’s order modifying child support and remand the case to the chancery court.
¶ 18. THE JUDGMENT OF THE COAHOMA COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND CARLTON, JJ.

. This was the amount the parties agreed upon in the stipulated agreement, and it was based on Keith’s adjusted gross income of $2,110.78. Keith was also paying child support for two other minor children.

. There is no financial information contained in the record other than Keith’s military-benefits statements, which were attached to Keith’s complaint for a name change and other relief. It is unclear what financial information the chancery court considered in modifying Keith's child-support obligation.

. We note that Sharlene never filed an appel-lee's brief. Therefore, we are limited to Keith's appellant’s brief and the record. We address the lack of an appellee’s brief under Issue III of this opinion.

. We note that Keith's amended designation of the record included "[a]ll pleadings, orders, judgments!,] and clerk[']s papers in the court file[;][t]ranscript of the January 6, 2012[] hearing, and any exhibits offered into evidence!;] and [t]ranscript of the hearing, and any exhibits offered into evidence, which resulted in the February 24, 2012 judgment.” According to Keith, he asked for these hearing transcripts to show that no hearings were ever held.