JAMES, J.,
dissenting:
¶ 40. I would find that the case should be dismissed for lack of subject-matter jurisdiction;[2] thus, I respectfully dissent.
¶ 41. Gerald argues that the trial court erred in denying his Mississippi Rule of Civil Procedure 60 motion, because it was fundamentally unfair to enter a default judgment since no answer is required under Rule 81, and he did not' appear on September 13. Moreover, there was no hearing or introduction of evidence on the estate’s petition. •
¶42. Under Rule 81, even when the defendant is properly served and fails to appear, an entry of default is improper since no answer is required to be filed by the defendant unless ordered by the court. Saddler v. Saddler, 556 So.2d 344, 345 (Miss.1990). The trial court must hold an evidentiary hearing on the , issues set out in the pleadings before granting a judgment, and failure to do so is reversible error. Curry v. Frasier, 119 So.3d 362, 366 (¶ 12) (Miss.Ct.App.2013).
*210 ¶ 43. The estate argues that the claims for which the default judgment was granted are not within Rule 81(d)(2) jurisdiction. The chancellor’s default judgment and order to show cause indicate that she, likewise, had determined that while some of the claims in that petition were within the jurisdiction of Rule 81(d)(2), the claims of unjust enrichment, constructive trust, and breach of fiduciary duty were not. And on that basis, since Gerald was served with a Rule 4 summons and failed to respond within thirty days, the chancery court granted a default judgment on those three claims.
¶ 44. As to the estate’s argument that the claims of unjust enrichment, constructive trust, and breach of fiduciary duty generally are not exclusively within Rule 81(d)(2) jurisdiction, I-agree. Nevertheless, the specific claims at issue were brought within a petition dealing with estate matters. The Mississippi Rules of Civil Procedure are clear that, when dealing with estate matters, Rule 81 governs. M.R.C.P. 81(d)(2), No interpretation of that rule in any way suggests, that the court may choose to apply a Rule 4 summons to underlying causes of action enumerated in a petition dealing with estate matters. Furthermore, there is no case-law to support the estate’s argument that this procedure is proper.
¶45. Rule 81(d)(3) states that “[c]om-plaints and petitions filed in the actions and matters enumerated in subparagraphs (1) and (2) above shall not be taken as confessed.” Although the record does not say what transpired on September 13 when the case was set for a hearing, the record does show that Gerald was not present in court. The chancellor granted the default judgment because Gerald failed to file a response within thirty days and failed to appear on September 13. Thus, the default judgment was granted under Rule 4.
¶ 46. The majority opinion relies on the fact that the parties did not obtain permission from the trial court and our supreme court under Mississippi Rule of Appellate Procedure 5. Under Rule 5, an interlocutory order is not appealable unless the Mississippi Supreme Court grants permission. Under Rule 54(b), a trial judge “may direct the entry of a final judgment as to one or more but fewer than all of the claims of the parties.” Here, the chancellor did not make this determination because it was not requested. I agree with the majority opinion that a Rule 54(b) certification is required in order to appeal an intermediate ruling.
, ¶ 47. However, the Rule 4 summons did not give the chancellor jurisdiction over those claims before the chancery court. Since jurisdiction was not proper, the trial court did not have the authority to grant a default judgment, nor does the appellate court have jurisdiction to hear the appeal. The estate issued a Rule 4 and Rule 81 summons as a “catch all” tactic, but our rules do not provide for this procedure.
¶ 48. The lack of proper service of process is both jurisdictional and dispositive in this case. -Even though there is no Rule 54(b) certification, we should not reach that issue since process was not proper.
¶ 49. The record before the Court indicates that the default judgment was granted because Gerald had been properly served with a Rule 4 summons. The record before this Court also indicates that no hearing was held on September 13 as Rule 81 requires. Because Rule 4 did not give the chancellor the authority to grant the default on an estate matter, I would dismiss the case for lack of subject-matter jurisdiction.

. “Jurisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things.” Black’s Law Dictionary 93 (10th ed.2014)